IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 14, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JASON C.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-577**          (Fam. Ct. Ritchie Cnty. No. FC-43-2016-D-27)

**KAITLIN H.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason C.[1] appeals the Family Court of Ritchie County's November 20, 2023, interim order denying his petition for modification and allocation of custodial responsibility regarding custody of the parties' two minor children. Respondent Kaitlin H. filed a response in support of the family court's decision.[2] The guardian ad litem ("GAL")[3] filed a summary response. Jason C. filed a reply. The issue on appeal is whether the family court erred in granting Jason C. less than 50-50 custody of both children.

This is an expedited interlocutory appeal filed in the Intermediate Court of Appeals pursuant to West Virginia Code § 48-9-203(f) (2022).[4] We conclude that the family court's interim order lacks sufficient findings of fact and conclusions of law. For the reasons stated below, this case is remanded to the family court with directions to enter a new order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Jason C. is represented by Jessica E. Myers, Esq. Kaitlin H. is represented by Katharine L. Davitian, Esq.

[3] The guardian ad litem is Leslie L. Maze, Esq.

[4] West Virginia Code § 48-9-203(f) provides, in part, that "[a] parent who has sought and been denied equal (50-50) physical custody . . . may file an interlocutory appeal with the West Virginia Intermediate Court of Appeals as to the temporary custodial allocation of the child or children, and the Intermediate Court of Appeals shall provide an expedited review of the order[.]"

1

Jason C. ("Father") and Kaitlin H. ("Mother") were never married, but share two children, born in 2013 and 2020. This case began in 2016 when Father filed a petition to recognize paternity and to establish a parenting plan for the oldest child. The final hearing on Father's petition was held on June 16, 2016. At that hearing, the parties reached an agreement on all issues. On August 16, 2016, the family court entered a final order memorializing the terms of the parties' agreement, which held the following:

- Mother was designated as the primary residential parent.
- The parties were granted shared decision-making.
- The child had parenting time with Father every third weekend from 6:00 p.m. on Friday until Sunday at 8:00 p.m., one additional weekend of Father's choice each month at the same times; and every Tuesday from 3:30 p.m. until 7:45 p.m.
- The child spent nine uninterrupted days of vacation with each party during the summer for vacation.

In addition to the above provisions, the 2016 order also stated, "in accordance with the *Skidmore* decision of the West Virginia Supreme Court of Appeals, the mere passage of time and the concomitant increase in the age of the child shall not be sufficient to form the basis for a modification of this Parenting Plan."[5]

On June 23, 2021, Father filed a petition for modification of the oldest child's parenting plan and a petition for allocation for the youngest child. In his petition, he stated that the parties had resumed their relationship, cohabited, and had their second child since the entry of the 2016 order. Father further alleged in his petition that Mother refused to allow him to spend time with the youngest child for approximately one month prior to filing his petition. Father requested 50-50 custody for both children.[6]

On November 4, 2021, a temporary hearing was held on Father's petition for modification and allocation. The parties reached a temporary agreement by which the youngest child would have the same parenting time with Father as the oldest child, as was reflected in the parties' 2016 agreed parenting order.

---

[5] The *Skidmore* case provides guidance regarding how courts should analyze whether a change in circumstances occurred when parties seek a modification of custody. *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011).

[6] Relevant to this case, the youngest child suffered a traumatic brain injury when she was eight months old, takes daily seizure medication, was diagnosed with cerebral palsy, has severe nut and egg allergies, and has speech and vision delays.

On January 27, 2022, the children were appointed a GAL. The GAL submitted her report to the family court on May 5, 2022, recommending that Father not be granted 50-50 parenting for the youngest child due to the severity of her health conditions and Father's inability to provide proper care. Instead, she recommended that the youngest child continue to follow the same parenting schedule as the oldest, which was two weekends per month and several hours each Tuesday evening.

Multiple hearings were scheduled and continued. Due to the delay, Father filed a renewed motion for temporary relief on May 31, 2023. A hearing was held on July 26, 2023, on Father's motion. In that hearing, Mother moved to dismiss Father's petition for modification regarding the oldest child, citing the *Skidmore* language that was included in the parties' 2016 agreed order. The family court entered an interim order on November 20, 2023, granting Mother's motion to dismiss and denying Father 50-50 custody of the oldest child because he failed to prove that a substantial change in circumstances had occurred. The youngest child's parenting schedule also remained unchanged from the parties' November 2021 agreement due to a lack of time to complete the hearing. The hearing was continued to September 29, 2023, and continued multiple times after that.[7] It is from the November 20, 2023, interim order that Father now appeals, requesting that we assert interlocutory jurisdiction pursuant to West Virginia Code § 48-9-203(f).

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, __ W. Va. __, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Father raises two assignments of error on appeal, which will be addressed out of order. First, he contends that the family court erred by granting Mother's motion to dismiss his petition to modify the parenting plan regarding the oldest child. He argues that he proved there was a substantial change in circumstances to warrant a modification.

---

[7] Another hearing was held on March 22, 2024, during which the parties reached a temporary agreement for both children, wherein Father would have parenting time with both children on certain days and with only the youngest child on other days. The agreement extended through the first week of August 2024.

However, this assignment of error is outside the scope of our interlocutory review and cannot be addressed on appeal. "[O]ur interlocutory jurisdiction, granted by West Virginia Code § 48-9-203(f), is limited to orders creating *temporary* parenting plans and does not include an interim order crafting modifications to a *permanent* parenting plan." *See e.g. Christina F. v. Jason C.*, No. 23-ICA-507, 2024 WL 3252292, at *2 (W. Va. Ct. App. July 1, 2024) (memorandum decision). Thus, because the family court's temporary order regarding the oldest child stems from a modification of a permanent parenting plan, it is not subject to expedited interlocutory appeal.[8]

As his second and final assignment of error, Father asserts that the family court erred by refusing to allocate 50-50 custody of the youngest child for which no permanent parenting plan order has ever been issued. In support of his argument, Father states that Mother failed to rebut the presumption referenced in West Virginia Code § 48-9-102a (2022)[9] and that the family court failed to include sufficient findings of fact and conclusions of law. We agree with Father that the family court's November 20, 2023, order is inadequate.

West Virginia Code § 48-9-204 (2022) states, "the court shall make a temporary parenting plan [. . .] which shall be in writing and contain specific findings of fact upon which the court bases its determinations." West Virginia Code § 48-9-209 (2022) provides further guidance with a non-exclusive list of factors to be considered when making custody allocation findings. Here, an analysis of those factors was not provided in the family court's interim order. The family court's temporary parenting plan order must include a thorough analysis regarding whether Mother rebutted the presumption to justify the deviation from 50-50, and such analysis must include specific findings of fact surrounding any limiting factors that may be present. *See e.g.*, *Jesse C. v. Veronica C.*, No. 23-ICA-169, 2024 WL 1590468, at *4 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision) (stating that "any party seeking more than 50-50 custodial allocation has the burden of rebutting the presumption and a proper analysis must be performed by the court"); *see also Collisi v.*

---

[8] Additionally, the parties reached an agreement which extends through August of 2024, thereby arguably eliminating the dispute for appeal purposes.

[9] West Virginia Code § 48-9-102a states,

[t]here shall be a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child. If the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare.

4

*Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013) (requiring family court orders to set out specific findings of facts and conclusions of law to facilitate a meaningful appellate review).

For the foregoing reasons, we remand to the family court with directions to issue an order with specific findings of fact and conclusions of law to facilitate meaningful appellate review.[10] The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Accordingly, we remand this matter to the family court for entry of a new order consistent with this decision.

Remanded.

**ISSUED:** August 14, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[10] Due to the multiple delays in this matter, we encourage the family court to issue its final parenting plan order on remand in a timely and efficient manner.